**JIAN XUN CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–2050–ag.

United States Court of Appeals, Second Circuit.

Jan. 30, 2008.

Jian Xun Chen, New York, New York, Pro Se.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Kelly J. Walls, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Xun Chen, a citizen of China, seeks review of the April 16, 2007 order of the BIA affirming the September

15, 2005 decision of Immigration Judge ("IJ") Noel Anne Brennan denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Xun Chen,* No. A96 039 213 (B.I.A. Apr. 16, 2007), *aff'g* No. A96 039 213 (Immig. Ct. N.Y. City Sept. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review de novo questions of law and the application of law to fact. *See, e.g., Secaida–Rosales,* 331 F.3d at 307.

The agency properly supported its adverse credibility finding with several material inconsistencies between Chen's testimony and the documentary evidence in the record. We have previously upheld the agency's reliance on an omission in a corroborative document as support for an adverse credibility finding. *See e.g., Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006). Here, the agency noted that Chen testified that he was arrested, beaten, and detained due to his religious practices in March 2004. He explained that he was only released from detention after his parents paid for his release. However, as the IJ noted, Chen's parents did not mention this event in their letter of support, despite their acknowledgment that other "Christian followers" have "encountered many obstructions and were interrogated and detained because of the crime name of 'Illegal gathering to disturb the security of society.'" The IJ also pointed to the fact that although Chen testified that he was "dismissed" from school, his parents stated that he "ran away from school and home."

Taken together, these discrepancies provide substantial evidence in support of the agency's adverse credibility finding. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Moreover, although Chen attempted to provide explanations for these discrepancies, no reasonable fact-finder would have been compelled to accept them. *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

The IJ also based her adverse credibility determination on her observation of Chen's demeanor during his testimony. The IJ specifically noted instances where Chen was confused and unresponsive to the specific questions that were asked, and took long pauses between his answers. We accord particular deference to such findings. *See Zhou Yun Zhang,* 386 F.3d at 73.

Because Chen failed to establish past persecution due to his incredible testimony, he was not entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because Chen was found not credible, he failed to show the necessary subjective basis for a well-founded fear of future persecution. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004). Thus, the agency's denial of asylum was proper. In addition,

because Chen's claim for withholding of removal was premised on the same factual basis as his asylum claim, the adverse credibility determination as to his asylum claim necessarily precludes success on his withholding claim. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006). To the extent that Chen has not challenged the denial of his application for CAT relief before this Court, or raised any argument regarding his alleged departure, we deem those claims abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because the adverse credibility determination is dispositive in this case, we need not reach the agency's alternative burden of proof finding.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).